MATTHEW LEWIS (SBN 155516)
Email: mlewis@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

JEREMY T. ELMAN (SBN 223696)
email: jelman@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

STEFAN M. MENTZER (admitted *pro hac vice*)
email: smentzer@whitecase.com
TIMOTHY F. KEEGAN (admitted *pro hac vice*)
email: timothy.keegan@whitecase.com
DANIEL LEDESMA (admitted *pro hac vice*)
email: daniel.ledesma@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas,
Floor 49 Reception
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Defendant NetEase, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NETEASE, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-00861 AB(PJWx)<br><br>**CONSOLIDATED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NETEASE, INC.'S MOTIONS TO DISMISS**<br><br>Hearing Date: Friday, July 17, 2020 at 10:00 a.m.<br><br>Courtroom: 350 West 1st Street, #7B Los Angeles, CA 90012<br><br>Judge: Hon. André Birotte Jr. |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     ARGUMENT ............................................................................................... 1

        A.      *Grecco* Does Not Preclude NetEase's Jurisdictional Defense ............. 1

                1.      The Issues Are Not Identical ........................................................ 1

                2.      There Is No Precedent to Bar NetEase's Defense ....................... 3

        B.      The Facts in NetEase's Declaration Must Be Accepted as True ........... 4

        C.      Jurisdiction Does Not Arise under Rule 4(k)(2) .................................. 5

                1.      Plaintiffs Have Not Shown Purposeful Direction ...................... 5

                2.      Plaintiffs' Claims Do Not Arise from Alleged U.S. Contacts .... 9

                3.      Exercising Jurisdiction Would Be Unreasonable ...................... 10

        D.      The Complaints Should Be Dismissed for Forum Non Conveniens ... 11

                1.      China Provides an Adequate Alternative Forum ....................... 11

                2.      The Private and Public Factors Weigh for Dismissal ............... 12

        E.      The Complaints Fail to State a Claim under Rule 12(b)(6) ................ 13

        F.      Jurisdictional Discovery and Leave to Amend Are Not Warranted .... 14

III.    CONCLUSION ........................................................................................... 15

i

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Abrahamson v. Berkley*,
　1:16-cv-0348, 2016 U.S. Dist. LEXIS 119434 (E.D. Cal. Sept. 2,
　2016) ...................................................................................................... 4, 13

*Adams v. Unione Mediterranea di Sicurta*,
　364 F.3d 646 (5th Cir. 2004) ............................................................... 6

*Alexander v. Circus Circus Enters., Inc.*,
　972 F. 2d 261 (9th Cir. 1992) ............................................................... 4

*Armstrong v. Virgin Records, Ltd.*,
　91 F. Supp. 2d 628 (S.D.N.Y. 2000) .................................................. 10

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
　15-cv-870, 2015 U.S. Dist. LEXIS 182103 (C.D. Cal. Sept. 11,
　2015) ...................................................................................................... 5

*Basile v. Warner Bros. Entm't Inc.*,
　678 F. App'x 604 (9th Cir. 2017) ....................................................... 15

*Beijing iQIYI Sci. & Tech. Co. v. iTalk Global Commc'ns., Inc.*,
　6:19-cv-00272, 2019 U.S. Dist. LEXIS 216697 (W.D. Tex. Dec.
　17, 2019) ............................................................................................... 11

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................ 14

*Bragg Live Foods, Inc. v. Eco Action SDN BHD*,
　15-cv-8261-DSF, 2016 U.S. Dist. LEXIS 186410 (C.D. Cal. Apr.
　29, 2016) ............................................................................................... 8

*Conforto v. Mabus*,
　12-cv-1316, 2014 U.S. Dist. LEXIS 199192 (S.D. Cal. Sept. 24,
　2014) ...................................................................................................... 11

*Creative Tech., Ltd. v. Aztech Sys. PTE*,
　61 F.3d 696 (9th Cir. 1995) ................................................................. 12

ii

*CYBERsitter, LLC v. China*,
   10-cv-38-JST, 2010 U.S. Dist. LEXIS 128345 (C.D. Cal. Nov. 18,
   2010) .................................................................................................... 11, 12

*Eason v. Linden Avionics, Inc.*,
   706 F. Supp. 311 (D.N.J. 1989) .......................................................... 3

*Fillmore v. Blumhouse Prods., LLC*,
   771 F. App'x 756 (9th Cir. 2019) ....................................................... 15

*Fumoto Giken Co. v. Mistuoka*,
   14-cv-9797-DMG-MRWx, 2015 U.S. Dist. LEXIS 187112 (C.D.
   Cal. Apr. 16, 2015) ............................................................................. 8

*Getz v. Boeing Co.*,
   654 F.3d 852 (9th Cir. 2011) .............................................................. 15

*Gold Value Int'l Textile, Inc. v. Ross Stores, Inc.*,
   2:19-cv-09604, 2020 U.S. Dist. LEXIS 71859 (C.D. Cal. Apr. 23,
   2020) .................................................................................................... 5

*Heidelberg USA, Inc. v. PM Lithographers, Inc.*,
   17-cv-02223, 2017 U.S. Dist. LEXIS 218428 (C.D. Cal. Oct. 19,
   2017) .................................................................................................... 7

*Intercontinental Dictionary Series v. De Gruyter*,
   822 F. Supp. 662 (C.D. Cal. 1993) ..................................................... 13

*ITSI T.V. Prods., Inc. v. Cal. Auth. of Racing Fairs*,
   785 F. Supp. 854 (E.D. Cal. 1992) ..................................................... 9

*King.com Ltd. v. 6 Waves LLC*,
   13-cv-3977-MMC, 2014 U.S. Dist. LEXIS 44860 (N.D. Cal. Mar.
   31, 2014) ............................................................................................. 11

*Klauber Bros., Inc. v. H & M Hennes & Mauritz LP*,
   18-cv-3507, 2019 U.S. Dist. LEXIS 167860 (C.D. Cal. June 18,
   2019) .................................................................................................... 14

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*,
   16-cv-9325-RSWL, 2017 U.S. Dist. LEXIS 64115 (C.D. Cal. Apr.
   27, 2017) ............................................................................................. 8

*Levi Strauss & Co. v. Blue Bell, Inc.*,
   778 F.2d 1352 (9th Cir. 1985) ............................................................ 2

iii

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
  583 F.3d 656 (9th Cir. 2009) .................................................................. 12

*Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co.*,
  710 F.3d 1068 (9th Cir. 2013) ................................................................ 14

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ............................................................ 4, 13

*Michael Grecco Prods., Inc. v. NetEase, Inc.*,
  3:19-cv-01852, 2019 U.S. Dist. LEXIS 111730 (N.D. Cal. July 3,
  2019) .......................................................................................................... 2

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*,
  2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 224045 (C.D.
  Cal. Sept. 24, 2018) .................................................................................. 4

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*,
  2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 227226 (C.D.
  Cal. Aug. 28, 2018) ................................................................................... 4

*Milo Enters. v. Bird-X, Inc.*,
  2:18-cv-03857, 2018 U.S. Dist. LEXIS 227820 (C.D. Cal. Sep. 12,
  2018) ........................................................................................................ 15

*N2 Packaging Sys., LLC v. N2 Pack Can. Inc.*,
  19-cv-02351, 2020 U.S. Dist. LEXIS 85736 (D. Ariz., May 15,
  2020) .......................................................................................................... 5

*Payne v. Manilow*,
  18-cv-3413, 2019 U.S. Dist. LEXIS 169898 (C.D. Cal. Apr. 2,
  2019) ........................................................................................................ 14

*Pebble Beach Co. v. Caddy*,
  453 F. 3d 1151 (9th Cir. 2006) ............................................................... 15

*Pension Trust Fund for Operating Eng'rs v. Triple A Mach. Shop, Inc.*,
  942 F.2d 1457 (9th Cir. 1991) .................................................................. 3

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) .................................................................. 13

*Perfect 10, Inc. v. Visa Intern. Service Ass'n*,
  494 F.3d 788 (9th Cir. 2007) .................................................................. 14

iv

*Piper Aircraft Co. v. Reyno,*
  454 U.S. 235 (1981) .......................................................................... 12

*Polak v. Perform Media, Inc.,*
  2:19-cv-01675, 2019 U.S. Dist. LEXIS 209782 (C.D. Cal. Aug. 5,
  2019) ................................................................................................ 11, 12

*Precision Transducer Sys. v. Stfo Trading LLC,*
  09-cv-4245-JFW-PJWx, 2009 U.S. Dist. LEXIS 147563 (C.D. Cal.
  Oct. 15, 2009) ...................................................................................... 15

*Resolution Trust Corp. v. Keating,*
  186 F.3d 1110 (9th Cir. 1999) ............................................................... 2

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
  549 U.S. 422 (2007) ............................................................................ 12

*Stormhale, Inc. v. Baidu.com, Inc.,*
  675 F. Supp. 2d 373 (S.D.N.Y. 2009) ................................................. 6, 9

*Syverson v. Int'l Bus. Machs. Corp.,*
  461 F.3d 1147 (9th Cir. 2006) ................................................................ 1

*Terracom v. Valley Nat'l Bank,*
  49 F.3d 555 (9th Cir. 1995) ................................................................. 14

*VHT, Inc. v. Zillow Grp., Inc.,*
  918 F.3d 723 (9th Cir. 2019) ............................................................... 13

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.,*
  704 F.3d 668 (9th Cir. 2012) ................................................................. 3

*Werner v. Dowlatsingh,*
  18-cv-56349, 2020 U.S. App. LEXIS 19320 (9th Cir. June 19,
  2020) ..................................................................................................... 9

*Wiwa v. Royal Dutch Petrol. Co.,*
  226 F. 3d 88 (2d Cir. 2000) ................................................................. 6, 9

**FEDERAL RULES**

Rule 4(k)(2).................................................................................... passim

Rule 12(b)(2).................................................................................... 4, 13

v

1

Rule 12(b)(6)..........................................................................................................13

2

**MISCELLANEOUS**

3

U.S. Dep't. of State, *China Judicial Assistance*,
    https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-
    Country-Information/China.html; .......................................................................10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiffs "concede that NetEase lacks sufficient contacts with any individual state to be subject to jurisdiction under traditional rules of jurisdiction."  ECF No. 28 ("Consol. Op."), at 5.  That concession is significant:  the *only* basis under which Plaintiffs claim jurisdiction is under the infrequently-applied Rule 4(k)(2).  Plaintiffs have no basis to invoke the rule.

Plaintiffs' jurisdictional claim is based on numerous unfounded and untrue allegations that NetEase and related third parties have contacts with the U.S.  NetEase has demonstrated the falsity of these allegations in a sworn declaration, which Plaintiffs have not rebutted.  Under settled law, the Court must adopt the NetEase's unrebutted factual allegations and disregard Plaintiffs' false allegations.

Plaintiffs have not shown that NetEase purposefully directed its activities at the U.S., that any of NetEase's contacts with the U.S. are claim-related, or that the exercise of jurisdiction would be reasonable.  Nor have Plaintiffs shown why the cases should not be dismissed for *forum non conveniens*.  Courts have found that China provides an adequate alternative forum to hear copyright infringement claims, and the private and public interest factors strongly favor dismissal.

Plaintiffs have raised no issue of fact warranting jurisdictional discovery.  Such discovery would be unnecessary, unproductive, and based on speculation that jurisdiction might exist.  The complaints should be dismissed with prejudice.

## II.    ARGUMENT

### A.    *Grecco* Does Not Preclude NetEase's Jurisdictional Defense

#### 1.    The Issues Are Not Identical

The Northern District of California opinion in *Michael Grecco Productions* ("*Grecco*") does not preclude NetEase from raising jurisdictional defenses for the simple reason that the parties in the prior action did not litigate the same issues.  Issue preclusion may apply only where the identical issue already has been litigated.  *See Syverson v. Int'l Bus. Machs. Corp.*, 461 F.3d 1147, 1153 (9th Cir.

1

2006) ("the application of offensive nonmutual issue preclusion is appropriate *only* if . . . there was a full and fair opportunity to litigate the *identical issue* in the prior action") (emphasis added).  A prior decision involving different issues of fact or law is not preclusive against a defendant in a later action.  *See Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1118 (9th Cir. 1999); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357 (9th Cir. 1985).

The issues are not identical.  In *Grecco*, the plaintiff, a California-based company that is not a party here, claimed infringement for several images allegedly posted on 163.com.  *See Grecco*, 3:19-cv-01852, ECF No. 1, ¶¶ 4, 13.  NetEase moved to dismiss, including on grounds of lack of personal jurisdiction and improper venue.  *See Grecco*, 3:19-cv-01852, ECF No. 18.  NetEase did not raise a *forum non conveniens* defense in the Northern District action.  In a two-page opinion, and without having received a declaration of a NetEase representative attesting to the jurisdictional facts, the Northern District court accepted as true all of the allegations in the complaint and ruled that jurisdiction arose under Rule 4(k)(2).  *See Michael Grecco Prods., Inc. v. NetEase, Inc.*, 3:19-cv-01852, 2019 U.S. Dist. LEXIS 111730, at *1-2 (N.D. Cal. July 3, 2019).

The issues are different here.  The facts that NetEase has offered in a sworn declaration were not considered in *Grecco*.  The *Grecco* court accepted as true and relied on numerous factual allegations that, here, NetEase's declarant has explained are false.[1]  Moreover, in the four Central District cases, brought by individuals who

---

[1] *Compare Grecco* at *1 (allegation that "[m]illions of users in the United States access *Netease's websites*") (emphasis added), *with* Declaration of Yang Liu, ECF No. 21-2 ("Liu Decl.") ¶ 9 ("NetEase does not own, maintain, or operate 163.com (a Chinese-language website), netease.com, or lofter.com (also a Chinese-language website)"); *compare Grecco* at *1 (allegation that "Netease contracted with a California-based company that operates servers throughout the United States to enable U.S. users to access the sites"), *with* Liu Decl. ¶ 12 ("NetEase has never contracted with [California-based Quantil] to serve users in the United States with access to 163.com, netease.com, or lofter.com"); *compare Grecco* at *1 (allegation

2

were not involved in the prior litigation, no plaintiff resides in California and only

one resides in the United States – Mr. Stross, who resides in Texas.  The other three

plaintiffs reside in Australia, Germany, and the United Kingdom.  The residences of

the plaintiffs and where the harm allegedly was felt – a crucial issue in the

jurisdictional analysis – differs from *Grecco*.  *See Wash. Shoe Co. v. A-Z Sporting*

*Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012) (copyright infringement harm is felt

where a plaintiff resides and where the infringement occurred).

### 2.    There Is No Precedent to Bar NetEase's Defense

Plaintiffs have not cited a single case where a court applied issue preclusion

to bar a defendant from contesting personal jurisdiction.  *See* Consol. Op. at 2-4.

The citation to *Torrey Pines Bank* (*see* Consol. Op. at 3 n.5) is not on point, as it

involved claim preclusion, which requires that the parties in the cases be identical.

*See Pension Trust Fund for Operating Eng'rs v. Triple A Mach. Shop, Inc.*, 942

F.2d 1457, 1462 (9th Cir. 1991) (rejecting the application of *Torrey Pines Bank* in

the context of issue preclusion).  The case authority indicates that a defendant

should *not* be precluded from raising a personal jurisdiction defense in a subsequent

action.  In *Eason*, the court allowed a defendant to assert a lack of personal

jurisdiction, despite having unsuccessfully argued lack of jurisdiction in a prior case

brought by a different plaintiff for claims arising from the same occurrence.  *See*

*Eason v. Linden Avionics, Inc.*, 706 F. Supp. 311, 318-19 (D.N.J. 1989).[2]

that "Netease employs a California-based wholly owned subsidiary, Netease IT, to
conduct U.S. market research and curate content for its websites"), *with* Liu Decl. ¶
16 ("NetEase IT has never provided market research or information
collection for NetEase. . . .  Neither NetEase, nor NetEase IT, engaged in or
executed a 'search-and-copy' campaign as alleged . . . ."); *compare Grecco* at *1
(allegation that "Netease is registered to conduct business in the State of
Delaware"), *with* Liu Decl. ¶ 8 ("NetEase is not, and never has been, registered to
do business in the State of Delaware, or in any other state in the United States").
[2] *Eason* considered the fairness of applying offensive issue preclusion to bar a
jurisdictional defense.  Precluding NetEase's defense would be unfair as NetEase
and its affiliate have prevailed in other lawsuits filed by the *Grecco* plaintiff.  *See*

3

**B.    The Facts in NetEase's Declaration Must Be Accepted as True**

Plaintiffs assert that the factual allegations set forth in their complaints must be taken as true in deciding NetEase's motion.  *See* Consol. Op. at 4-5, 7.  That is not the standard.  While "*uncontroverted* allegations in the complaint must be taken as true," a court "may not assume the truth of allegations in a pleading which are *contradicted by affidavit* . . . ."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (emphasis added) (quotations omitted); *see Alexander v. Circus Circus Enters., Inc.*, 972 F. 2d 261, 262 (9th Cir. 1992) (declining to assume as true factual allegations contradicted by affidavit).  Rather, factual statements set forth in a declaration accompanying a Rule 12(b)(2) motion must be accepted as true, if those statements are not rebutted.  *See Abrahamson v. Berkley*, 1:16-cv-0348, 2016 U.S. Dist. LEXIS 119434, at *5 n.1 (E.D. Cal. Sept. 2, 2016).

Plaintiffs have not rebutted any of the facts in NetEase's declaration.  The declarant's statement that NetEase does not own, maintain, or operate 163.com, netease.com, or lofter.com (*see* Liu Decl. ¶ 9) is not "inconsistent" with NetEase's SEC filings; Plaintiffs cite only NetEase's declaration and identify no contrary facts in any SEC filing (Consol. Op. at 7 & n.7).  The statement that "NetEase promotes 163.com as one of its valuable assets" (Consol. Op. at 8) is attorney argument and is not alleged in the complaints or contained in any SEC filing.  The alleged statement from a 2018 investor presentation that "163.com is one of China's most visited internet portals" (*id.*) does not show that NetEase owns, maintains, or operates 163.com.

---

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, 2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 224045, at *10-11 (C.D. Cal. Sept. 24, 2018) (dismissing complaint against NetEase, Inc. for improper venue); *Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, 2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 227226, at *2 (C.D. Cal. Aug. 28, 2018) (dismissing complaint against NetEase IT on personal jurisdiction and venue grounds); *Michael Grecco Prods., Inc. v. NetEase, Inc.*, 1:18-cv-10500, ECF No. 17 (S.D.N.Y.) (voluntarily dismissing complaint against NetEase, Inc.).

4

1    Nor do Plaintiffs rebut the declarant's statement that "NetEase IT is not a

2    direct subsidiary wholly-owned by" NetEase, Inc.  *Compare* Liu Decl. ¶ 14, *with*

3    Consol. Op. at 7.  Plaintiffs' rhetoric that the declaration is "self-serving and

4    conclusory" (Consol. Op. at 7) does not rebut the facts set forth in the declaration,

5    much less create "questions of fact" as Plaintiffs assert (*id.* at 8).  *See Gold Value*

6    *Int'l Textile, Inc. v. Ross Stores, Inc.*, 2:19-cv-09604, 2020 U.S. Dist. LEXIS

7    71859, at *7-8 (C.D. Cal. Apr. 23, 2020) (court lacked personal jurisdiction where

8    defendant submitted a declaration attesting to the lack of contacts to California,

9    which plaintiff did not rebut).

10   **C.    Jurisdiction Does Not Arise under Rule 4(k)(2)**

11   Plaintiffs have not shown that this is one of the rare situations where

12   jurisdiction arises under Rule 4(k)(2).  *See Axiom Foods, Inc. v. Acerchem Int'l,*

13   *Inc.*, 15-cv-870, 2015 U.S. Dist. LEXIS 182103, at *13 (C.D. Cal. Sept. 11, 2015)

14   ("In the Ninth Circuit, Rule 4(k)(2) is applied sparingly."); *N2 Packaging Sys., LLC*

15   *v. N2 Pack Can. Inc.*, 19-cv-02351, 2020 U.S. Dist. LEXIS 85736, at *16 (D. Ariz.,

16   May 15, 2020) ("The grant of in personam jurisdiction under Rule 4(k)(2) is

17   extremely rare and even more extremely narrow.").

18   **1.    Plaintiffs Have Not Shown Purposeful Direction**

19   **a.    NetEase Has Limited U.S. Contacts**

20   The *only* alleged contacts NetEase has with the U.S. are:  (1) being listed on

21   the NASDAQ Global Select Market; (2) an agreement with a third-party company

22   in New York that provides investor relations services; and (3) two statements,

23   available to the world, purportedly contained in an SEC filing and in a 2018

24   investor presentation posted online.  *See* Liu Decl. ¶ 20; Compl. ¶ 7;[3] *see also* Liu

25   Decl. ¶¶ 4-19 (setting forth NetEase's lack of U.S. contacts).  The allegations that

26   NetEase owns the accused websites (*see* Compl. ¶ 7); "accessed" the copyrighted

27   works through a "search-and-copy" campaign (*id.* ¶ 14); was provided with "market

28   ───────────────────
[3] For brevity, this memorandum cites to the complaint in the *Stross* action.

1    research and information collection" services, including content, by a subsidiary

2    (*id.* ¶ 8); set up a "wholly-owned" California subsidiary (*see id.* ¶ 15); and

3    contracted with California-based Quantil to deliver content to the U.S. (*see id.*) are

4    false, individually or collectively, and should be disregarded.  *See* Liu Decl. ¶¶ 9,

5    11-12, 14-16.  Such allegations, even if true – which they are not – are not

6    sufficient to establish personal jurisdiction.

7         NetEase's few contacts do not give rise to jurisdiction under Rule 4(k)(2).

8    *See Stormhale, Inc. v. Baidu.com, Inc.*, 675 F. Supp. 2d 373, 375-76 (S.D.N.Y.

9    2009) ("mere listing on NASDAQ and ancillary contacts with New York related to

10   that listing do not allow the Court to exercise personal jurisdiction over [defendant]

11   in a copyright action"); *see also Wiwa v. Royal Dutch Petrol. Co.*, 226 F. 3d 88, 97-

12   98 (2d Cir. 2000) (companies may "list their securities on New York-based stock

13   exchanges and . . . take the steps necessary to facilitate those listings (such as

14   making SEC filings and designating a depository for their shares) without thereby

15   subjecting themselves to [the forum's] jurisdiction for unrelated occurrences").

16   These contacts are a far cry from *Adams*, which Plaintiffs cite.  *See* Consol. Op. at

17   11.  In *Adams*, the defendant insurer had directly insured hundreds of claims in the

18   U.S., satisfying the Fifth Circuit's different test for jurisdiction, which considered

19   the defendant's "extensive contacts" with the forum.  *See Adams v. Unione*

20   *Mediterranea di Sicurta*, 364 F.3d 646, 651-52 (5th Cir. 2004).

21             **b.      Alleged Third-Party Contacts Are Not NetEase's**

22        Plaintiffs claim that the "actions taken by wholly owned subsidiaries,

23   contractors, and agents" provide a basis to establish jurisdiction, but the opposition

24   fails to identify those third-party entities, explain what their purported U.S. contacts

25   are, or how those contacts show purposeful direction by NetEase.  Consol. Op. at 8-

26   9.  Nor do Plaintiffs explain how any alleged contacts by third parties establish

27   purposeful direction where NetEase's declarant has explained that numerous

28   allegations with respect to those third parties are false.  *Compare* Compl. ¶¶ 8, 15

6

1  (allegations as to NetEase IT ), *with* Liu Decl. ¶¶ 14-16.

2       Plaintiffs have not established that *any* third-party contacts with the U.S.

3  should be imputed to NetEase.  By itself, a parent-subsidiary relationship is not

4  sufficient to establish an agency or alter ego relationship, and Plaintiffs have

5  offered no facts to establish that such relationships exist.  *See Heidelberg USA, Inc.*

6  *v. PM Lithographers, Inc.*, 17-cv-02223, 2017 U.S. Dist. LEXIS 218428, at *21-22

7  (C.D. Cal. Oct. 19, 2017) (finding no specific personal jurisdiction over a foreign

8  defendant where plaintiff failed to proffer factual allegations sufficient to establish

9  an agency relationship or any control or authority over a U.S.-based subsidiary);

10  ECF No. 21-1, at 5-8.  The facts set forth in the Liu declaration, which Plaintiffs

11  have not rebutted, show the opposite:  NetEase does not own, maintain, or operate

12  the accused websites; NetEase has not directed or contributed to content posted on

13  the accused websites; and NetEase did not contribute or otherwise participate in the

14  posting of the allegedly infringing images.[4]  *See* Liu. Decl. ¶¶ 9, 11.

15       Plaintiffs' long block quotation of dicta in a footnote cited in *Daimler AG*

16  does not establish otherwise.  *See* Consol. Op. at 9 (citing *Daimler AG v. Bauman*,

17  571 U.S. 117, 135 n.13 (2014)).  The quotation that Plaintiffs emphasize – "a

18  corporation can purposefully avail itself of a forum by *directing* its agents or

19  distributors to take action there" (*id.* (emphasis added)) – is beside the point.

20  *Daimler AG* involved the application of general jurisdiction, which is not at issue

21

---

22  [4] Citing a chart in the Liu declaration, Plaintiffs wrongly claim that NetEase

23  ultimately owns 100% of Guangzhou NetEase Computer System Co., Ltd.
    ("Guangzhou"), which in turn "operates" the accused websites.  Consol. Op. at 9-

24  10.  NetEase does not own or direct the daily operations of Guangzhou, and
    Guangzhou is not a NetEase subsidiary.  *See* Liu Decl. ¶¶ 17-18.  Guangzhou and

25  NetEase are related by a series of contractual arrangements that do not give

26  NetEase the ability to control the specific content posted on the accused websites.

27  *See id.* ¶ 18.  This is consistent with the chart in ¶ 7 which shows a broken line
    connecting Guangzhou with other entities.  *See id.*  ¶ 7 (broken line "[r]epresents

28  contractual arrangements").

7

1   here, and NetEase has not directed the activities of purported "agents."  *See* Liu

2   Decl. ¶¶ 9, 11-12, 17-19.

3               **c.      There Is No Allegation That NetEase Targeted the U.S.**

4        Plaintiffs allege no facts showing that NetEase "targeted" the accused sites to

5   the U.S., as Plaintiffs claim.  *See* Consol. Op. at 10-11.  The sweeping and

6   unsupported assertion that "[e]ither NetEase, its subsidiaries, or third party agents

7   are squarely responsible for the promotion" of the accused sites (*id.* at 10), is not

8   sufficient.  Targeting requires "that Defendants encouraged [forum] residents to

9   access the site or that they targeted [forum] buyers in [some] way."  *Bragg Live*

10  *Foods, Inc. v. Eco Action SDN BHD*, 15-cv-8261-DSF, 2016 U.S. Dist. LEXIS

11  186410, at *6 (C.D. Cal. Apr. 29, 2016).  Mere "ownership of a .com domain, the

12  posting of a passive website on that domain, and the use of" allegedly infringing

13  intellectual property on a passive website, does "not amount to the 'something

14  more' required to show purposeful direction . . . ."  *Fumoto Giken Co. v. Mistuoka*,

15  14-cv-9797-DMG-MRWx, 2015 U.S. Dist. LEXIS 187112, at *12 (C.D. Cal. Apr.

16  16, 2015); *see also Bragg Live Foods*, at *8 (finding no purposeful direction despite

17  plaintiffs' allegations of use of U.S.-based internet hosting services, maintenance of

18  a ".com" web address, acceptance of U.S. dollars, and affiliation with a bank

19  licensed in New York).  The facts are even more attenuated here, where NetEase

20  does not own, maintain, or operate the accused sites (*see* Liu Decl. ¶ 10), and the

21  only "promotion" alleged by Plaintiffs is a presentation to investors – posted online

22  – containing the statement that "163.com is one of *China's* most visited internet

23  portals" (Consol. Op. at 8 (emphasis added)).  The presentation, available online to

24  the world, did not specifically target U.S. investors more than investors worldwide,

25  and does not support a finding of jurisdiction.  *See L.A. Gem & Jewelry Design,*

26  *Inc. v. Ecommerce Innovations, LLC*, 16-cv-9325-RSWL, 2017 U.S. Dist. LEXIS

27  64115, at *23-24 (C.D. Cal. Apr. 27, 2017).  The assertion that NetEase contracts

28  with California-based Quantil to distribute content to the U.S. is false, and the court

8

1    should disregard the allegation.  *Compare* Consol. Op. at 10, *with* Liu Decl. ¶ 12.

2    **2.    Plaintiffs' Claims Do Not Arise from Alleged U.S. Contacts**

3    The opposition (*see* Consol. Op. at 12-13) ignores that *none* of NetEase's

4    contacts with the U.S. arises from the suit-related conduct of allegedly displaying

5    copyrighted images online.  When evaluating jurisdiction under Rule 4(k)(2), only a

6    defendant's claim-related contacts are relevant to the analysis; unrelated contacts

7    should be disregarded.  *See Werner v. Dowlatsingh*, 18-cv-56349, 2020 U.S. App.

8    LEXIS 19320, at *4 (9th Cir. June 19, 2020) (defendant's "additional contacts with

9    the United States . . . are not 'suit related conduct' that could support an exercise of

10   specific personal jurisdiction").  NetEase's NASDAQ listing, contract with a third-

11   party investor relations agent based in New York, and purported "promotion" in a

12   SEC filing and a 2018 investor presentation posted online (*see* Liu Decl. ¶ 20;

13   Compl. ¶ 7) have no bearing on the alleged display of copyrighted images on

14   163.com.  *See Stormhale, Inc.*, 675 F. Supp. 2d at 375-76; *Wiwa*, 226 F. 3d at 97.

15   The unsubstantiated allegation that there were 1.82 million visits to 163.com from

16   computers in the United States (*see* Compl. ¶ 9) is not claim-related either:  there is

17   no allegation that *any* U.S. user (other than Plaintiffs' counsel for purposes of this

18   litigation), much less "millions" of users, actually accessed the allegedly infringing

19   images on 163.com.[5]  The assertions that NetEase "accessed" the copyrighted

20   works through a "search-and-copy" campaign, and that NetEase contracted with

21   California-based Quantil to serve content to U.S. users, are false.  *Compare* Compl.

22   ¶¶ 8, 10, 14-15, 60-62, *with* Liu Decl. ¶¶ 12, 14-16.  Plaintiffs have not rebutted

23   these facts, and Plaintiffs' false allegations should be disregarded.  Merely claiming

24   direct or indirect liability (*see* Consol Op. at 12-13), without factual allegations to

25   support the claims, is not enough.[6]

26   [5] The opposition's repeated claims about "millions," "tens of millions," and

27   "hundreds of millions" of U.S. views (*see* Consol. Op. at 1, 1 n.3, 6, 8, 11, 12, 13,
     22) appear nowhere in the complaints (*see* Compl. ¶ 9) and should be disregarded.

28   [6] Plaintiffs' case citations are not on point.  *See ITSI T.V. Prods., Inc. v. Cal. Auth.*

9

### 3.    Exercising Jurisdiction Would Be Unreasonable

NetEase has met its burden to show that exercising jurisdiction would be unreasonable.  None of Plaintiffs' arguments is persuasive.  Their argument that NetEase has "injected" itself into the forum (*see* Consol. Op. at 13) is based on assertions of fact that are not alleged in the complaints or that are false.[7]  NetEase has shown, and Plaintiffs have not rebutted, that NetEase has very few contacts with the U.S.  *See* Liu Decl. ¶¶ 8, 20.

As to reasonableness factor 6 – "the importance of the forum to the plaintiff's interest in convenient and efficient relief" (Consol. Op. at 14) – the complaints do not allege that any of the Plaintiffs – the three foreign residents, and the one Texas-based resident – "have substantial business contacts" with the U.S. or "domestic licensing companies with which they work."  *See* Compl. ¶¶ 4, 13.

Contrary to Plaintiffs' argument that litigating in this forum is not unduly burdensome or inefficient (*see* Consol. Op. at 14), there are significant barriers to the efficient resolution of this dispute in the U.S.  For example, depositions taken "remotely" from Chinese soil would violate China's prohibition of depositions for use in foreign proceedings.  *See* U.S. Dep't of State, *China Judicial Assistance*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-

---

*of Racing Fairs*, 785 F. Supp. 854, 864 (E.D. Cal. 1992) (concerning subject matter, not personal, jurisdiction); *Armstrong v. Virgin Records, Ltd.*, 91 F. Supp. 2d 628, 635-36 (S.D.N.Y. 2000) (discussing subject matter jurisdiction).

[7] *Compare* Consol. Op. at 13 (NetEase has "set up a network of subsidiaries that includes domestic companies"), *with* Liu Decl. ¶ 13 (subsidiary NetEase.com (U.S.) Inc. was dissolved in 2005) *and* Compl. ¶¶ 8-14 (no allegation that NetEase "set up" NetEase IT); *compare* Consol. Op. at 13 (NetEase "promotes itself to investors as owning 163.com"), *with* Liu Decl. ¶ 9 (NetEase does not own 163.com) *and* Compl. ¶ 7 (no allegation that NetEase promotes itself as "owning" 163.com); *compare* Consol. Op. at 13 (163.com is "purposefully distributed through United States-based servers"), *with* Liu Decl. ¶ 12 (NetEase has no contract with California-based Quantil); *compare* Consol. Op. at 13 (163.com "generates hundreds of millions of domestic views"), *with* Compl. ¶ 9 (no allegation of "hundreds of millions" of U.S. views).

10

1   Information/China.html; *Conforto v. Mabus*, 12-cv-1316, 2014 U.S. Dist. LEXIS

2   199192, at *30-31 (S.D. Cal. Sept. 24, 2014).

3          Contrary to Plaintiffs' argument (*see* Consol. Op. at 14-15), resolution of this

4   case would conflict with the sovereignty of the People's Republic of China, which

5   has an interest in resolving disputes involving companies like NetEase that are

6   located in and operate there.  The U.S. has no interest in resolving this dispute with

7   respect to at least three of the Plaintiffs, who are residents of Australia, Germany,

8   and the United Kingdom.  *See Polak v. Perform Media, Inc.*, 2:19-cv-01675, 2019

9   U.S. Dist. LEXIS 209782, at *7-8 (C.D. Cal. Aug. 5, 2019).

10         **D.     The Complaints Should Be Dismissed for *Forum Non Conveniens***

11                 **1.     China Provides an Adequate Alternative Forum**

12         Courts have found that China provides an adequate alternative forum to hear

13   copyright disputes.  *See CYBERsitter, LLC v. China*, 10-cv-38-JST, 2010 U.S. Dist.

14   LEXIS 128345, at *15-16 (C.D. Cal. Nov. 18, 2010); *King.com Ltd. v. 6 Waves*

15   *LLC*, 13-cv-3977-MMC, 2014 U.S. Dist. LEXIS 44860, at *9 (N.D. Cal. Mar. 31,

16   2014).  Plaintiffs' citation of a Western District of Texas opinion (*see* Consol. Op.

17   at 16-17) is not on point.  That case involved a *Chinese* plaintiff suing a *Texas-*

18   *based* defendant in Texas.  *See Beijing iQIYI Sci. & Tech. Co. v. iTalk Global*

19   *Commc'ns., Inc.*, 6:19-cv-00272, 2019 U.S. Dist. LEXIS 216697, at *2-3 (W.D.

20   Tex. Dec. 17, 2019).  The court found that the plaintiff was unable to satisfy

21   evidentiary requirements to prove infringement in China because the defendant's

22   TV service was not available in China.  *See id.* at *11-12.  Here, in contrast,

23   163.com is available in (and, indeed, directed to) China.  The court also found that,

24   if it dismissed for *forum non conveniens*, the plaintiff would have been unable to

25   pursue a claim in China against the U.S.-based defendant.  *See id.* at *20-21.

26   NetEase is not U.S.-based; its principal executive offices and all of its employees

27   are in China.  *See* Liu Decl.  ¶¶ 5-6.

28         This Court should not take judicial notice of the declarations submitted in the

11

CONSOLIDATED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NETEASE, INC.'S MOTIONS TO DISMISS
CASE NO. 2:20-cv-00861 AB(PJWx)

1   Western District of Texas case or the Special 301 report of the U.S. Trade
2   Representative (*see* Consol. Op. 17-18), for the reasons set forth in NetEase's
3   opposition to Plaintiffs' request for judicial notice.  In addition, these materials are
4   not persuasive.  Plaintiffs' complaints that a Chinese court would not afford them
5   the same relief as a U.S. court (*see* Consol. Op. at 15-19) is not reason to find the
6   forum inadequate; a forum need only "some potential avenue for redress."  *Creative*
7   *Tech., Ltd. v. Aztech Sys. PTE*, 61 F.3d 696, 702 (9th Cir. 1995) (citations omitted);
8   *see also Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664-66
9   (9th Cir. 2009) (Mexican court was an adequate alternative forum for breach of
10  contract and wrongful death claims).  While NetEase disputes any liability as it
11  does not own or operate 163.com, it would be amenable to service in a case brought
12  in China, under Chinese copyright law, alleging infringement of Plaintiffs' images
13  (*see* ECF No. 21-1, at 20), and China would provide "some practical remedy" for
14  Plaintiffs' copyright infringement claims.  *CYBERsitter, LLC v. China*, 2010 U.S.
15  Dist. LEXIS 128345, at *15-16.

16  **2.    The Private and Public Factors Weigh for Dismissal**

17  Notably, the opposition does not address that three of the Plaintiffs are
18  foreign residents (*see* Consol. Op. at 19-20) – a fact that strongly weighs in favor of
19  dismissal.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).  With respect
20  to the fourth, Texas-based Plaintiff, the U.S. as a whole is not considered as the
21  forum for purposes of the *forum non conveniens* analysis; there is no Rule 4(k)(2)
22  equivalent modifying the traditional analysis to consider the nation as a whole.  *See*
23  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 427 (2007).
24  The Texas-based Plaintiff's preferred choice of forum is entitled to little weight, if
25  any.  *See Polak*, 2019 U.S. Dist. LEXIS 209782, at *7-8.

26  NetEase's opening papers set forth the significant burdens and challenges of
27  having to litigate this case in the U.S., and those arguments need not be repeated
28  here.  Plaintiffs' citation to *Intercontinental Dictionary Series* for the proposition

12

1   that the U.S. has an interest in protecting copyright registrations (*see* Consol. Op. at

2   20) does not support Plaintiffs' argument.  There, the court dismissed the complaint

3   for lack of subject matter jurisdiction and noted that even if subject matter

4   jurisdiction existed, "dismissal based on *forum non conveniens would* be

5   warranted," as the U.S. copyright also would be protected in Australia and plaintiff

6   was not a citizen of the U.S. or California.  *Intercontinental Dictionary Series v. De*

7   *Gruyter*, 822 F. Supp. 662, 680-81 (C.D. Cal. 1993) (emphasis added).

8        **E.**    **The Complaints Fail to State a Claim under Rule 12(b)(6)**

9        The declaration NetEase submitted, which Plaintiffs have not rebutted,

10  demonstrates the falsity of Plaintiffs' factual allegations that are relevant the motion

11  to dismiss under Rule 12(b)(2).  *See Mavrix Photo*, 647 F.3d at 1223; *Abrahamson*,

12  2016 U.S. Dist. LEXIS 119434, at *5 n.1.  Regardless of whether the Court accepts

13  the declaration for purposes of the NetEase's request to dismiss under Rule

14  12(b)(6), Plaintiffs fail to state a claim.

15       Despite claiming direct liability (*see* Consol. Op. at 20-22), Plaintiffs fail to

16  state a claim for direct copyright infringement because the complaints do not allege

17  specific facts establishing "volitional conduct" – *i.e.*, that NetEase was the direct

18  cause of, or actively engaged in, the alleged infringement.  *Perfect 10, Inc. v.*

19  *Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017); *see VHT, Inc. v. Zillow Grp.,*

20  *Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (plaintiff "must also establish causation,

21  which is commonly referred to as the 'volitional-conduct requirement.'").  To show

22  volitional conduct, Plaintiffs must allege that NetEase "exercised control (other

23  than by general operation of [its website]); selected any material for upload,

24  download, transmission, or storage; or instigated any copying, storage, or

25  distribution" of Plaintiffs' photographs.  *VHT, Inc.* at 732 (citation omitted).

26  Plaintiffs have pleaded no such facts.

27       The complaints also fail to plead sufficient facts to state a claim for

28  secondary liability – specifically, vicarious liability or contributory infringement.

13

1   Vicarious liability requires a plaintiff to show "(1) the right and ability to supervise

2   the infringing conduct and (2) a direct financial interest in the infringing activity."

3   *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

4   Contributory infringement requires a plaintiff to establish that the defendant knew

5   of the infringing activity and materially contributed to it.  *See Luvdarts, Ltd. Liab.*

6   *Co. v. AT&T Mobility, Ltd. Liab. Co.*, 710 F.3d 1068, 1072 (9th Cir. 2013).  The

7   conclusory allegations that "NETEASE, through its agreements with the above

8   named ISPs and with Quantil, knowingly induced, participated in, aided and abetted

9   in and profited from the illegal reproduction publication" and that "NETEASE had

10  the right and ability to supervise the infringing conduct and had a direct financial

11  interest in the infringing conduct" (Compl. ¶¶ 62-63) are precisely the type of

12  "formulaic recitation of the elements of a cause of action" that are not sufficient.

13  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Plaintiffs merely recite

14  the legal elements and do not identify any specific facts establishing secondary

15  liability, warranting dismissal.  *See id.* at 1071-74; *Klauber Bros., Inc. v. H & M*

16  *Hennes & Mauritz LP*, 18-cv-3507, 2019 U.S. Dist. LEXIS 167860, at *20-25

17  (C.D. Cal. June 18, 2019); *Payne v. Manilow*, 18-cv-3413, 2019 U.S. Dist. LEXIS

18  169898, at *13-17 (C.D. Cal. Apr. 2, 2019); *see also* Liu Decl. ¶¶ 9-11 (facts

19  showing a lack of secondary liability).

20          **F.     Jurisdictional Discovery and Leave to Amend Are Not Warranted**

21          No jurisdictional discovery is warranted.  Plaintiffs' request for discovery is

22  based on an unfounded belief that "NetEase and/or its subsidiaries has a substantial

23  number of contractual relationships with California residents, regularly avails itself

24  of California's marketplaces, and targets California consumers and citizens"

25  (Consol. Op. at 23) – conclusory allegations of fact that NetEase has shown are

26  false.  Plaintiffs have not rebutted the sworn declaration submitted by NetEase, and

27  they have not identified any issue of fact raised in the declaration that is in dispute

28  or would require discovery.  *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562

14

CONSOLIDATED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NETEASE, INC.'S MOTIONS TO DISMISS
CASE NO. 2:20-cv-00861 AB(PJWx)

1   (9th Cir. 1995) ("Where a plaintiff's claim of personal jurisdiction appears to be

2   both attenuated and based on bare allegations in the face of specific denials made

3   by defendants, the Court need not permit even limited discovery.") (citations

4   omitted).  Plaintiffs offer no more than speculation that discovery *might* uncover

5   information establishing jurisdiction.  Jurisdictional discovery is not required under

6   such circumstances.  *See Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011)

7   (affirming denial of jurisdictional discovery where contacts were "purely

8   speculative" and plaintiffs failed to identify "specific facts, transactions, or conduct

9   that would give rise to personal jurisdiction."); *Milo Enters. v. Bird-X, Inc.*, 2:18-

10  cv-03857, 2018 U.S. Dist. LEXIS 227820, at *12 (C.D. Cal. Sep. 12, 2018) ("The

11  Court need not permit jurisdictional discovery based on a mere hunch that it may

12  yield more information."); *Precision Transducer Sys. v. Stfo Trading LLC*, 09-cv-

13  4245-JFW-PJWx, 2009 U.S. Dist. LEXIS 147563, at *11-12 (C.D. Cal. Oct. 15,

14  2009) (denying request for jurisdictional discovery).[8]

15      Similarly, there is no basis to allow Plaintiffs to amend their complaint, as

16  any amendment would be futile.  *See Basile v. Warner Bros. Entm't Inc.*, 678 F.

17  App'x 604, 605 (9th Cir. 2017); *Fillmore v. Blumhouse Prods., LLC*, 771 F. App'x

18  756, 757 (9th Cir. 2019).  Plaintiffs' request to amend to "assert claims under

19  Chinese copyright law" is misplaced.  There is no basis for personal jurisdiction

20  over NetEase under Rule 4(k)(2), and the complaints should be dismissed for *forum*

21  *non conveniens*.  Asserting foreign law claims will not cure that.

## III.   CONCLUSION

23      For the reasons set forth above, the Court should grant NetEase's motions

24  and issue orders dismissing the complaints in each of the Plaintiffs' actions.

25  _____

26  [8] Plaintiffs' citation to *Pebble Beach* (*see* Consol. Op. at 23) does not support
    discovery.  The court affirmed denial of jurisdictional discovery and also held that

27  the mere availability of a website in California, without a showing that it was
    targeted to California residents, is insufficient for Rule 4(k)(2) jurisdiction.  *See*

28  *Pebble Beach Co. v. Caddy*, 453 F. 3d 1151, 1158-60 (9th Cir. 2006).

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  July 2, 2020

Respectfully submitted,

WHITE & CASE LLP

*/s/ Stefan M. Mentzer*
Stefan M. Mentzer

*Attorneys for Defendant NetEase, Inc.*

16