Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS,<br><br>Plaintiff,<br><br>vs.<br><br>NETEASE, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-00861-AB(JC)<br>*Hon. André Birotte Jr. Presiding*<br><br>**JOINT WITNESS LIST**<br><br>Trial Date: October 4, 2022 |

Plaintiff Alexander Stross and Defendant NetEase, Inc. hereby submit their joint witness list pursuant to Local Rule 16-5:

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| **Plaintiff's Witnesses** | | | | |
| Alexander Stross<br><br>Reachable through Plaintiff's counsel | Alexander Stross is the Plaintiff. He will testify that he is the photographer who took the 16 photographs at issue (the "Subject Photographs") and registered them with the U.S. Copyright Office. He | 3.5 hours | 2.5 hours | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| | will testify that the uses of the Subject Photographs on Defendant NetEase, Inc.'s website were unauthorized; that common Domain Name System ("DNS") and Internet Protocol ("IP") address and location searches confirmed that the unauthorized copies of the Subject Photographs displayed on NetEase's website were cached (i.e., stored) on and distributed through servers located in the United States; and as to his damages. His testimony is unique in that no other witness will testify to the same thing. | | | |
| Joe Naylor<br><br>Reachable through Plaintiff's counsel | Joe Naylor is the Founder, President, and Chief Executive Officer ImageRights International, Inc. ("ImageRights"), a company that provides Internet search and copyright enforcement services to photography agencies, image archives, professional photographers, and media companies. ImageRights discovered the use of Mr. Stross' copyrighted works on NetEase's website. Mr. Naylor's testimony is unique because he will | 2 hours | 2 hrs | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| | testify regarding ImageRights' services, its discovery of the unauthorized uses of Mr. Stross' copyrighted works on NetEase's website, its efforts to notify NetEase of certain of those claims prior to litigation, and its documentation of those claims. | | | |
| Lake Chou (Quantil Networks, Inc.) | Mr. Chou was and is the corporate representative of Quantil Networks, Inc. ("QNI"). His testimony is unique because he will testify regarding QNI's relationship with Wangsu Science & Technology Co., Ltd. ("Wangsu"), its operations, the locations of the servers that it services, and the IP addresses it has registered. | 2 hours | 2 hrs | |
| Bin Ni (Quantil Inc.) | Mr. Ni was the corporate representative of Quantil Inc. ("QI"). His testimony is unique because he will testify regarding QI's relationship with Wangsu, its operations, its services (including its Content Distribution/Delivery Network ("CDN")), and information QI made/makes available to NetEase that NetEase did not produce in this case. | 2 hours | 2 hrs | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| Lei Sun (NetEase, Inc.) | Mr. Sun is the Advertising Resource Strategy Director at NetEase Media Technology Beijing Co. Ltd., a subsidiary of NetEase, Inc. His testimony is unique because he will testify regarding the monetization of NetEase's media assets (including NetEase's website at issue), the availability of data regarding United States-based views of NetEase's website, confirmation that the Uniform Resource Locators ("URLs") at issue would have been cached on and distributed through servers in the United States by virtue of NetEase's agreement with Wangsu to deliver NetEase's website to the United States (among other countries), and the authentication and interpretation of certain documents provided by NetEase. | 2 hours | 2.5 hours | |
| Yao Cheng (NetEase, Inc.) | Mr. Cheng is a Business Director with NetEase Media Technology, Beijing Co. Ltd., a subsidiary of NetEase, Inc. His testimony is unique because he will testify regarding NetEase's agreements and business practices regarding | 3.5 hours | 3.0 | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| | obtaining content for NetEase's website; how the articles that displayed the Subject Photographs on NetEase's website without Mr. Stross' authorization were obtained; and when, how, and by whom those articles were posted and removed. Mr. Cheng's testimony will also include the authentication and interpretation of certain documents provided by NetEase. | | | |
| David Martens | Mr. Martens is an established expert witness who consults with eComp Consultants and is the principal his own consultancy (Intuity Consultants). He has been an active programmer since the 1980s and has worked (and programmed) in network communications since 2003. He has been employed as an engineer by Intel, IBM Microelectronics, and Sun Microsystems for 14 years before becoming a consultant and expert witness. He has been retained on behalf of companies such as Facebook, Intel, Comcast, | 2 hours | 2.5 | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| | Microsoft, and Charter Communications.<br><br>Mr. Martens will testify that NetEase chose to distribute its website (and the content thereon) in the United States by engaging a CDN provider to provide "worldwide" delivery of NetEase's website with no restrictions; and that by virtue of that decision, and as shown in the tests he performed, content on NetEase's website that is viewed in the United States is distributed through and stored on servers in the United States. | | | |
| **Defendant's Witnesses** | | | | |
| Alexander Stross<br><br>Reachable through Plaintiff's counsel | Intend to call Mr. Stross under FRE 611(c)(2) | 1.0 | 1 hour | |
| Lei Sun (NetEase, Inc.) | Mr. Sun was the Advertising Resource Strategy Director at NetEase Media Technology Beijing Co. Ltd., a subsidiary of NetEase, Inc. However, he is no longer employed by NetEase Media and is unreachable by subpoena, Defendant will be presenting his deposition testimony in lieu | 2.5 | 1 hour | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| | of his personal appearance at trial. NetEase's media assets (including NetEase's website at issue), the availability of data regarding United States-based views of NetEase's website, confirmation that the Uniform Resource Locators ("URLs") at issue would have been cached on and distributed through servers in the United States by virtue of NetEase's agreement with Wangsu to deliver NetEase's website to the United States (among other countries), and the authentication and interpretation of certain documents provided by NetEase. | | | |
| Yao Cheng (NetEase, Inc.) | Will described NetEase's overall internet and website operations, that its content is created and utilized only for use in China, internet restrictions, and limitation on earnings from its interest and websites | 2.5 | 1 hour | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| Yao Cheng | NetEase Corporate Witness – will explain their operations, internet use, website utilization, server locations, and areas of content target, use and restrictions in place for China-based use of the internet and websites. | | | |
| Bin Ni (Quantil) | Will described how data and information resident on servers in China; are not hosted; how CDN and original hosting servers treat inquiries over the internet and how CDN maintains, erases and preserves internet contents. | 2.5 | 1 hour | |
| Dr. Henry H. Hough | Expert witness will testify as designated as an expert in how the internet transmits data and information, how the location of servers are located and established, whether the claimed images at issue are cached or stored, and where, explain concepts of Fiddler and tracert tests to determine the location of original and CDN internet transmissions, and how the intent and content delivery network systems operate. | 3.5 | 2.5 hrs | |

| Witness Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct | Time for Cross | Dates of Testimony |
|---|---|---|---|---|
| Peter Rybolt (Expert on Damages) | Will explain the basis for his calculation on damages if there was an unlicensed use of Stross' Copyrighted photos, and basis for is calculation for a damage assessment, which he will provide. | 1.25 | 1 hour | |
| Joe Naylor (Image Rights) | Called as an adverse witness only scope of testimony on direct does not allow cross-examination on the effect and impact of Image Right technology, how they operate and specific testimony concerning the IP protocol used, its location and impact upon images being located within the US | 1.25 | .5 hr | |

Dated: August 26, 2022

ZHONG LUN LAW FIRM LLP

By: */s/ Leodis Matthews*
Leodis Matthews, SBN 109064
leodismatthews@zhonglun.com
Sara J. O'Connell, SBN 238328
sarajoconnell@zhonglun.com
ZHONG LUN LAW FIRM LLP
4322 Wilshire Boulevard, Suite 200
Los Angeles, CA 90010
Telephone: (323) 930-5690
Facsimile: (323) 930-5693
Attorneys for Defendant

Dated: August 26, 2022

DONIGER / BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.