Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS,<br><br>Plaintiff,<br><br>v.<br><br>NETEASE, INC., *et al.,*<br><br>Defendants. | Case No. 2:20-cv-00861-AB-JC<br>*Hon. André Birotte, Jr. Presiding*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4**<br><br>Date: September 16, 2022<br>Time: 11:00 a.m.<br>Courtroom: 7B |

## I. INTRODUCTION

NetEase's motion to preclude Stross from offering categories of actual damages evidence[1] is a summary judgment motion masquerading as a motion in limine. NetEase concedes that Stross produced evidence of actual damages, including licensing agreements and testimony regarding his rates, and further concedes that Stross elicited evidence from NetEase at trial about its profits. Yet NetEase asks this Court to usurp the role of the jury and weigh the sufficiency of evidence now. That is improper, and this Court should deny NetEase's request.

## II. ARGUMENT

### A. NetEase's Motion is a thinly disguised summary judgment motion.

NetEase's only argument for precluding the challenged evidence goes to the sufficiency of that evidence. That is not a legitimate use of a motion in limine.

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence. That is the province of the jury. Nor should a motion in limine be used as a substitute for a motion for summary judgment." *Forbes v. Cnty. of Orange*, No. SACV111330, 2013 WL 12165672, at *4 (C.D. Cal. Aug. 4, 2013) (internal citations and quotations omitted); *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, No. 814CV01352JLSKES, 2020 WL 1049911, at *1 (C.D. Cal. Feb. 18, 2020) (internal citations and quotations omitted) (stating that motions in limine "are not the proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards"). NetEase's Motion runs afoul of those rules.

---

[1] NetEase asks this Court to preclude all evidence and argument at trial regarding "(1) profits NetEase allegedly earned from Stross's images; (2) purported undocumented license agreements; and (3) settlement agreements." Dkt. 147 at 2. It is unclear exactly what NetEase even means by the term "undocumented."

Stross produced evidence to NetEase in discovery regarding his licensing history, and NetEase questioned Stross extensively on that evidence, which is listed on the parties' joint exhibit list. Yet NetEase wants this Court to find that evidence "inadequate." Dkt. 147 at 7. On its face, that is an inappropriate request for this Court to weigh the sufficiency of evidence. While NetEase is free to argue that to the jury, it is not a proper basis on which to exclude that evidence, especially where Stross testified that he entered into oral agreements or no longer has copies of written agreements. Stross knows of no authority preventing a party from testifying to oral agreements, or past licensing fees contained in written agreements that are no longer in that party's possession, based on a conclusory accusation of unreliability. And NetEase cites none.

Likewise, in the first paragraph of Section I of its Motion (arguing inappropriately, prematurely, and wrongly, and as a matter of fact, that "there is no evidence in the record to support such profits" (Dkt. 147 at 8)), NetEase *admits* that "Stross questioned NetEase's Rule 30(b)(6) witness, Sun Lei, regarding NetEase's business model," and that such testimony elicited admissions that NetEase earns revenue from advertising based on the viewership its website (and the webpages thereon) garners—i.e., if no viewers visit its website, it makes no revenue from advertising (*see id*.). Accordingly, NetEase undercuts its own inappropriate request for summary adjudication of damages. Plus, NetEase's failure to cite *anything* in that paragraph is noteworthy, as NetEase neglects to inform this Court that the undisputed evidence in this case is that each of the 163.com articles at issue received viewership.

NetEase also asks this Court to grant this Motion based on the opinions of its paid expert. Dkt. 147 at 8-9. Again, if NetEase believed there was no genuine dispute of material fact regarding Stross' claim for lost licensing fees and/or profit disgorgement, it had the opportunity to move for summary judgment on that issue. NetEase declined to do so. As a result, the jury, not this Court, considers the

sufficiency of evidence regarding licensing and profits.

And with respect to the requested preclusion of Stross' evidence reflecting settlement agreements, NetEase's argument that the produced settlement agreements are not probative of Stross' licensing rights (based solely on the opinion of its paid expert) (*see* Dkt. 147 at 10) is yet another NetEase attempt to shirk the reality that the jury decides the sufficiency of evidence, including whether settlement agreements reflect reasonable licensing rates. Stross acknowledges that some agreements may reflect reasonable licensing fees while others may reflect available damages—and that analysis may depend on what damages were available at the time of the infringement. But those are questions of *weight*, not admissibility, and the jury determines the answers to those questions.

In the end, NetEase attempts to convince this Court to make a determination that is meant for the jury—which, standing alone, is enough to deny this Motion for abuse of the motion in limine process—without any authority or appropriate ground, based on the purported weight (not admissibility) of evidence according to NetEase's paid expert. This Court should have no patience for this waste of time.

### III. CONCLUSION

For the foregoing reasons, this Court should deny NetEase's Motion.

Respectfully submitted,

Dated: September 2, 2022      By:   */s/ Stephen M. Doniger*
                                    Stephen M. Doniger, Esq.
                                    Benjamin F. Tookey, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Plaintiff